UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES S. GRIMSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:11-cv-03420-LSC |
| | ) |
| SOUTHWEST AIRLINES CO., INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration a motion to dismiss filed by Defendant, Southwest Airlines Co. ("Southwest"), on October 24, 2011. (Doc. 10.) Plaintiff Charles Grimsley, individually and on behalf of a class of similarly situated persons, sued Defendant for breach of contract arising from Southwest's refusal to honor "1 drink coupons" without expiration dates. The issues raised in Defendant's motion have been fully briefed by the parties and are ripe for decision. Upon full consideration and for the reasons stated herein, Defendant's motion to dismiss will be granted.

II.     Background.

In the Second Amended Complaint, Plaintiff contends that he earned "1 free drink" coupons without expiration dates ("Coupons") from Defendant because he was a member of the Southwest Airlines Rapid Rewards Program.  (Doc. 9 at 1.)  According to Plaintiff, the Coupons offer one free beer, wine, mixed, or specialty non-alcoholic drink.  (*Id*. ¶ 6.)  The Coupons specify: "This coupon has no cash value.  Coupon is void if altered, sold, purchased, brokered, or bartered.  Nonexchangeable for other goods or services.  Southwest Airlines reserves the right to discontinue its drink coupon program at any time."  (*Id*. ¶ 8.)  Plaintiff contends that when he presented one of the Coupons to a flight attendant on Southwest Airlines Flight Number 462 from Birmingham, Alabama, to Nashville, Tennessee, on October 6, 2011, he was informed that Southwest no longer accepted the "gold coupons."  (*Id*. ¶ 7.)  Southwest instituted a policy that it would no longer accept the Coupons without expiration dates after August 31, 2011.  Plaintiff alleges that Defendant continues to issue drink coupons with expiration dates and has not discontinued its drink coupon program.  (*Id*. ¶ 11.)  He maintains that no provision of the Southwest Airlines Rapid Rewards Program, nor the drink coupon program, allow Defendant to revoke its Coupons after delivery.  (*Id*. ¶ 9.)

III.	Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations,

---

[1]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

IV.   Discussion.

Plaintiff does not dispute that in order to state a claim for breach of contract, he must allege sufficient facts showing: "(1) the existence of a valid contract binding the parties, (2) his own performance under the contract, (3) the defendant's nonperformance under the contract, and (4) resulting damages." *State Farm Fire & Cas. Co. v. Williams*, 926 So. 2d 1008, 1013 (Ala. 2005).[2] "The elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to

---

[2] While the parties do not specifically address the issue, they appear to agree that Alabama law controls Plaintiff's breach of contract claim.

terms essential to the formation of a contract." *Shaffer v. Regions Financial Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quotations omitted). Plaintiff argues that the Coupons, alone, are individual "unilateral" contracts that are both "offered" and "accepted" upon delivery to the recipient. (Doc. 19 at 1-2.) Plaintiff assures the Court that in order to find the existence of a contract, it need only look within the "four corners" of the purported "coupon contract." (*Id.* at 2.)

"[A] unilateral contract results from an exchange of a promise for an act; a bilateral contract results from an exchange of promises." *SouthTrust Bank v. Williams*, 775 So. 2d 184, 188 (Ala. 2000) (quoting Mark Pettit, Jr., *Modern Unilateral Contracts*, 63 B.U.L. Rev. 551, 553 (1983)). "Thus, 'in a unilateral contract, there is no bargaining process or exchange of promises by parties as in a bilateral contract.'" *Id.* (quoting *Orr v. Westminster Village North, Inc.*, 689 N.E. 2d 712, 720 n.11 (Ind. 1997)). "[O]nly one party makes an offer (or promise) which invites performance by another, and performance constitutes both acceptance of that offer and consideration." *Id.* (quoting *Orr*, 689 N.E. 2d at 720 n.11). "Because 'a "unilateral contract" is one in which no promisor receives promise as consideration for his promise,' only one party is bound." *Id.* (quoting *Johns v. Thomas H. Vaughn & Co.*, 38 So. 2d 19, 20 (1948)).

Nothing in the Second Amended Complaint alleges that the Coupons promise a "beer, wine, mixed or specialty non-alcoholic drink" *in exchange for the performance of some action* on the part of the coupon-holder.[3] Although Plaintiff claims that he was induced to remain a member of the Southwest Airlines Rapid Rewards Program and fly with Defendant in order to enjoy a free beverage (Doc. 9 ¶ 12), he never alleges that the Coupons, on their face, requested such actions in exchange for the promised drink. "A proposal of a gift is not an offer . . . ; there must be an element of exchange. Whether or not a proposal is a promise, it is not an offer unless it specifies a promise or performance by the offeree as the price or consideration to be given by him. It is

---

[3] Plaintiff claims to attach Coupon No. 5424003 as "Exhibit A" to the Second Amended Complaint. (Doc. 9 ¶ 6.) No such exhibit exists. The Coupons are attached as an exhibit to Plaintiff's motion to substitute party plaintiff. (Doc. 8.) "Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citations omitted). An exception exists when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citations omitted). In these circumstances, the document becomes a part of the pleadings. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), *quoted in Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Circ. 1997). However, Defendant did not attach the Coupons to its motion to dismiss.

Even if the Court were allowed to consider the Coupons attached as an exhibit to the motion to substitute, the language on those Coupons only confirms that there is no explicit offer of a beverage in exchange for the coupon-holder's performance of some action. The Coupons say, "THANK YOU from SOUTHWEST" and "1 coupon = beer, wine, mixed or specialty non-alcoholic drink." (Doc. 8-1.) In the bottom left corner of the page, it reads: "THIS COASTER IS CLEAR. But we'll put something on it as soon as you tell us what you'd like to drink. We appreciate your business and want to make your flight as comfortable and enjoyable as possible. Please use the attached coupons to order your favorite beverage, as well as start a conversation with the person sitting next to you. (Or, if you like, we've got some ways to nip conversations in the bud.) Thanks for flying Southwest!" (*Id.*)

not enough that there is a promise performable on a certain contingency." Restatement (Second) of Contracts § 24(b). Plaintiff has not alleged facts sufficient to establish that the Coupons made a contractual "offer." Plaintiff also does not allege sufficient facts establishing that he accepted an offer by performing an action that constitutes sufficient consideration to make that offer legally binding. *See Smith v. Wachovia Bank, N.A.*, 33 So. 3d 1191, 1197-98 (Ala. 2009). Accordingly, Plaintiff fails to state a claim for breach of contract.

Because Plaintiff has not alleged sufficient facts to establish a claim for breach of contract, his request that this Court issue a declaratory judgment under 28 U.S.C. § 2202, stating that Defendant breached its contract with the Plaintiff must also be dismissed.

V.   Conclusion.

For the reasons outlined above, Defendant's motion to dismiss will be granted. A separate order will be entered.

Done this 17th day of April 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297